cent from the dates of the respective notes given therefor; interest on the additional advances at six per cent from the date of demand of payment; and participation interest on the original loan and the additional advances at nine per cent; and as so modified affirmed, with costs. In our opinion the clauses of the agreement in question which provided for interest and for participation in profits, when read together with the remainder of the agreement, and as shown by the evidence in the record, indicate that it was the intention of the parties that such interest and participation should be computed as above. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made to support the judgment directed hereby. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.

Mark Grenan, Appellant, v. New York, New Haven and Hartford Railroad Company, Respondent.— Order setting aside verdict for plaintiff on the issue raised herein by defendant's affirmative defense pleading a release of plaintiff's cause of action, and granting a new trial, reversed upon the law and the facts, with costs, and verdict reinstated. We are of opinion that the verdict in favor of plaintiff was amply supported by the evidence, and that the exacting of a release from plaintiff under the circumstances was unconscionable upon the part of the defendant. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of Clara A. Carroll, Deceased. Adrian B. Knapp, Executor, etc., and Gertrude C. Peter, Appellants; Adelbert Carroll and Edward K. Haas, Guardian ad Litem, Respondents.— Decree of the Surrogate's Court of Dutchess county reversed upon the law and the facts, with a separate bill of costs to each appellant payable out of the estate, and the matter remitted to the surrogate to make a decree admitting the will to probate. We are of opinion that the evidence failed to establish undue influence in connection with the making and execution of the will. Lazansky, P. J., Rich, Young, Kapper and Scudder, JJ., concur.

In the Matter of the Petition of Eugenia Cox to Prove the Last Will and Testament of Margaret Cox, Deceased. Thomas Cox and Margaret Murphy, Appellants; Eugenia Cox, Respondent.— Appeal withdrawn on consent. Present — Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ.

In the Matter of the Application of the Sagamore Road Corporation for a Certiorari Order against Harry M. Lee and Others, Constituting the Board of Appeals of the Village of Bronxville. Harry M. Lee and Others, Constituting the Board of Appeals of the Village of Bronxville, Appellants; Sagamore Road Corporation, Respondent.— Order reversing the determination of the board of appeals of the village of Bronxville, and directing approval of plans and issuance of permit, reversed upon the law and the facts, with fifty dollars costs and disbursements, certiorari proceeding dismissed, and the determination of the board of appeals reinstated and confirmed. The petitioner possessed no vested right and was entitled to the benefit of no estoppel as against the village. (Matter of Fox Lane Corporation v. Mann, 216 App. Div. 813; affd., 243 N. Y. 550.) There was no showing which would warrant a finding that the board of appeals abused its discretion in refusing a variance, upon the ground of practical difficulties or unnecessary hardship, to permit the erection of an apartment house in the area after such construction had been prohibited by ordinance in the area involved.